ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| PABLO VALLE GARCÍA<br><br>Parte Recurrida<br><br>v.<br><br>JUAN CORTÉS VALLE<br><br>Parte Peticionaria | KLCE202300965 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aguada<br><br>Civil Núm.: AC2023CV00016<br><br>Sobre: Retracto Legal |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rodríguez Flores, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de septiembre de 2023.

Comparece el señor Juan Cortés Valle (Sr. Cortés) mediante recurso de *certiorari* instado el 1 de septiembre de 2023. Solicita que revoquemos la *Resolución* emitida el 23 de agosto de 2023, y notificada el 24 de agosto de 2023, por el Tribunal de Primera Instancia (TPI) Sala de Aguada. Mediante el referido dictamen, el TPI denegó la *Moción Urgente de Desestimación por Falta de Jurisdicción* presentada por el Sr. Cortés.

El recurrido, señor Pablo Valle García, presentó su *Alegato en Oposición a Recurso de Certiorari* el 14 de septiembre de 2023.

Examinados los escritos a la luz del derecho aplicable, y por los fundamentos que expondremos a continuación, se expide el auto de *certiorari* y revocamos la *Resolución* recurrida.

I.

El 13 de enero de 2023, el señor Pablo Valle García (Sr. Valle) presentó una demanda de retracto legal de comuneros en contra del señor Juan Cortés Valle (Sr. Cortés). En síntesis, alegó que, el 15 de diciembre de 2022, advino en conocimiento de que sus hermanas,

Esmeralda y Concesa, de apellidos Valle García, vendieron al Sr. Cortés sus participaciones hereditarias sobre el inmueble descrito en la demanda. El Sr. Valle solicitó que se le reconociera su derecho al retracto sobre las participaciones adquiridas por el Sr. Cortés.

Al momento de presentar la demanda, el Sr. Valle no consignó en el tribunal el precio de venta de las cuotas hereditarias, ni una fianza que garantizara dichas partidas. Éste efectuó la consignación el 2 de febrero de 2023.[1]

El 3 de febrero de 2023, el Sr. Cortés presentó su contestación a la demanda. Aceptó la adquisición de las participaciones hereditarias, pero negó la fecha en que el Sr. Valle manifestó haberse enterado de la transacción. Arguyó que el demandante tuvo conocimiento de la venta mediante un mensaje de correo electrónico de 9 de noviembre de 2022. Por ello, señaló que, al momento de instar la demanda, el término que el Sr. Valle tenía disponible para presentar su causa de acción había caducado. Así que, y como parte de sus defensas afirmativas, solicitó la desestimación de la demanda, por ésta carecer de una reclamación que justificara la concesión de algún remedio.

Subsiguientemente, el Sr. Cortés solicitó la desestimación de la demanda en varias instancias durante el proceso. La que dio lugar al presente recurso fue la *Moción Urgente de Desestimación por Falta de Jurisdicción,* instada el 4 de agosto de 2023. En ella, el Sr. Cortés reseñó que, conforme a las disposiciones del Artículo 1058 del Código Civil de 2020[2], el término para ejercitar la acción de retracto legal es de treinta (30) días, contados desde la inscripción en el registro, y en su defecto, desde que el retrayente haya tenido conocimiento de la venta. A continuación, y a base de la

---

[1] El TPI aceptó la consignación el 9 de febrero de 2023. Véase, *Orden,* apéndice del recurso, pág. 14.
[2] 31 LPRA sec. 8871.

jurisprudencia interpretativa del Artículo 1414 del derogado Código Civil de 1930 - análogo al Artículo 1058 – aseveró que nuestro ordenamiento jurídico requiere que la consignación del precio de venta sea simultánea a la presentación de la demanda, o que la consignación se efectúe dentro del plazo de caducidad de treinta (30) días establecido para ejercitar la causa de acción. A la luz de ello, planteó que el Sr. Valle había consignado el precio para la adquisición de las participaciones en controversia cuando el plazo establecido en el Artículo 1058 del Código Civil de 2020 había caducado. En específico, veinte (20) días después de la presentación de la demanda y cincuenta (50) días luego de la fecha en que adujo haber conocido de la venta de dichas participaciones. El Sr. Cortés razonó que la consignación tardía privaba al tribunal de jurisdicción para atender el asunto.

En oposición[3], el Sr. Valle adujo que la causa de acción se presentó al amparo del Código Civil de 2020, y que el ordenamiento jurídico vigente no impone como requisito la consignación coetánea a la presentación de la demanda, ni que la consignación se efectúe dentro del plazo de caducidad de treinta (30) días. Por otro lado, expuso que el planteamiento de consignación tardía constituye una defensa afirmativa que, al no haberse alegado en la contestación a la demanda, se entiende renunciada. Finalmente, indicó que la determinación del tribunal de autorizar la consignación, no impugnada por el Sr. Cortés, resulta obligatoria para las partes.

Mediante *Resolución* emitida el 23 de agosto de 2023, y notificada el 24 de agosto de 2023, el TPI declaró *no ha lugar* la *Moción Urgente de Desestimación por Falta de Jurisdicción* presentada por el Sr. Cortés y ordenó la continuación de los procedimientos para juicio en su fondo.

---

[3] Véase, *Moción para Aclarar Postura del Demandante* y *Oposición a Moción de Reconsideración.* Apéndice del recurso, págs. 54-60 y 119-120.

Al pronunciar la denegatoria, el TPI expresó que "[e]n el [juicio] se evaluará, entre otros asuntos, si se concretizó una compraventa válida de la participación, el momento en que el demandante tuvo conocimiento de la transacción y si ejerció su derecho dentro de los términos establecidos por Ley".[4]

Inconforme, el 1 de septiembre de 2023, el Sr. Cortés incoó el presente recurso de *certiorari* y apunta los siguientes señalamientos de error:

> Primer error: Incurrió en error el Honorable Tribunal de Primera Instancia al aceptar la consignación tardía del precio de adquisición de unas cuotas hereditarias en un caso sobre retracto legal cuando de los hechos alegados en la demanda se desprende que ya había transcurrido el término fatal de caducidad de 30 días, previo a la solicitud de consignación del precio en el Tribunal.

> Segundo error: Incurrió en error el Honorable Tribunal de Primera Instancia al declarar No Ha Lugar una moción de desestimación por falta de jurisdicción sobre una causa de acción caducada sobre retracto legal debido a la falta de consignación del precio de forma oportuna, conforme al término de caducidad de 30 días que dispone la ley y la jurisprudencia vigente.

El 5 de septiembre de 2023, el Sr. Cortés presentó una *Moción en Auxilio de Jurisdicción* para que este Tribunal paralizara el juicio en su fondo calendarizado para el 21 de septiembre de 2023.

El 8 de septiembre de 2023, emitimos una *Resolución* mediante la cual ordenamos la paralización de los procedimientos ante el TPI.

Por su parte, en el *Alegato en Oposición a Recurso de Certiorari,* el Sr. Valle esencialmente reprodujo los planteamientos esbozados ante el foro recurrido.

II.

-A-

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones

---

[4] *Íd.,* pág. 136.

interlocutorias realizadas por un foro inferior. La expedición del auto descansa en la sana discreción del tribunal.[5]

En los casos civiles, la Regla 52.1 de Procedimiento Civil[6], delimita las instancias en las que procede que este Tribunal de Apelaciones expida el recurso de *certiorari.*[7] La citada Regla establece que el recurso sólo se expedirá cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo. Por excepción, y en el ejercicio discrecional del foro apelativo, se podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia.[8] Según lo dispuesto en la Regla 52.1, *supra*, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Por otro lado, la Regla 40 del Reglamento del Tribunal de Apelaciones[9] instituye los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Estos criterios son:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

---

[5] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).
[6] 32 LPRA Ap. V, R. 52.1.
[7] *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.,* 202 DPR 478, 486 (2019).
[8] *Íd.*
[9] 4 LPRA Ap. XXII-B, R. 40.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ello impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[10] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado.

En fin, este Tribunal no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo en "un craso abuso de discreción o que el tribunal [haya actuado] con prejuicio y parcialidad, o que se [haya equivocado] en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[11]

-B-

El Artículo 1055 del Código Civil de 2020 define el retracto legal como "el derecho a subrogarse, con las mismas condiciones estipuladas en el contrato, en lugar de la persona que adquiere una cosa por compra o dación en pago". [12]

Respecto al retracto de comunero, el Artículo 1058 del mismo código dispone que:

No puede ejercitarse el derecho de retracto legal sino dentro de treinta (30) días contados desde la inscripción

---

[10] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).
[11] *Lluch v. España Service,* 117 DPR 729, 745 (1986).
[12] 31 LPRA sec. 8871.

en el registro, y en su defecto, desde que el retrayente haya tenido conocimiento de la venta.
El retracto de comuneros excluye el de colindantes.[13]

Para poder ejercer el derecho a retracto, el *Artículo 1501 del* mencionado cuerpo legal establece específicamente que:

El vendedor no puede hacer uso del derecho de retracto sin reembolsar al comprador el precio de venta, y, además:
(a) Los gastos del contrato, y cualquier otro pago legítimo para la venta; y
(b) los gastos necesarios y útiles hechos en la cosa vendida.
**Para que pueda darse curso a las demandas de retracto, se requiere que se consigne el precio si es conocido, o si no lo es, que se dé fianza de consignarlo luego que lo sea**.[14] (Énfasis suplido).

Debido a que el derecho de retracto de comuneros autorizado por el artículo 1412 del Código Civil, es en sí mismo contrario al principio de la libre contratación, las condiciones requeridas para su ejercicio deben cumplirse estrictamente.[15]

Respecto a la figura del reembolso o la consignación del retracto legal de comuneros, el tratadista José María Manresa cuestiona cuándo debe consignarse y si bastará con el ofrecimiento de pago o la declaración de voluntad de hacer uso del derecho de retracto en fecha hábil.[16] Al señalar que tenemos que atenernos a los términos precisos y al contenido del artículo del Código Civil, Manresa añade que "no cabe hablar de declaraciones de voluntad que no vayan acompañadas del reembolso efectivo y simultáneo".[17] Lo único que se admite en contrario es que los gastos de la compra o los hechos en la cosa pueden pagarse o consignarse posteriormente.[18] En definitiva, Manresa concluye que para hacer uso del derecho de retracto es necesario desde luego, y

---

[13] 31 LPRA sec. 8874.
[14] 31 LPRA sec. 8862.
[15] *González de Salas v. Charneco Vda. de González*, 99 DPR 577, 582-583 (1971).
[16] J. María Manresa y Navarro, *Comentarios al Código Civil Español,* 6ta ed., Madrid, Ed. Reus, 1969, T. X, Vol. 1, pág. 477.
[17] *Op. cit,* pág. 478.
[18] *Op. cit.,* pág. 479.

simultáneamente, restituir el precio, puesto que el Código Civil así lo exige, y nada en contrario nos enseña la jurisprudencia.[19]

Por su parte, Ignacio Sierra Gil de la Cuesta reconoce que el pago de la suma a consignarse deberá hacerse dentro del plazo para ejercitar el derecho de retracto. Menciona que "planteada la cuestión relativa al momento en que habrá de hacerse el reembolso al que se refiere el precepto, es opinión común que habrá de hacerse al momento de ejercitarse el retracto, no bastando la declaración de voluntad de hacer uso del mismo seguida del mero ofrecimiento del precio".[20]

José Puig Brutau aparenta ir más lejos al expresar que dentro de los días que dispone el estatuto sobre retracto legal, el retrayente ha de reembolsar al comprador retraído el precio de la venta, los gastos necesarios y útiles hechos en la cosa vendida.[21] Al discutir el plazo para ejercitar el derecho de retracto legal en su obra *Fundamentos de Derecho Civil,* Puig Brutau incluye como requisito que se consigne el precio de la venta dentro del mismo plazo de caducidad y añade que la cantidad debe acompañarse con la demanda.[22]

En *Zalduondo v. Iturregui[23]* al hacer referencia al Art. 1616 de la antigua Ley de Enjuiciamiento Civil de Puerto Rico del 1 de enero de 1886, recogida en el Art. 1407 del Código Civil de 1930 – análogo al Artículo 1051 del Código Civil de 2020 - el Tribunal Supremo expresó:

> Claramente nos indica ese artículo que la única suma que está obligado a consignar el comunero retrayente para cursarse su demanda de retracto es el precio de la primera venta que originó la retroacción y ninguna otra suma. **Es obvio que la exigencia de la consignación**

[19] *Op. cit.,* pág. 480.
[20] I. Sierra Gil de la Cuesta, *Comentario del Código Civil,* 1ra ed., Barcelona, Ed. Bosch, 2000, T.7, pág. 470.
[21] J. Puig Brutau, *Compendio de Derecho Civil,* 1a ed., Barcelona, Ed. Bosch, 1989, V. III, pág. 363.
[22] J. Puig Brutau, *Fundamentos de Derecho Civil,* 3a ed., Barcelona, Ed. Bosch, 1983, T. III, Vol. III, págs. 411, 416-417.
[23] 83 DPR 1 (1961).

**simultánea y efectiva del precio de venta con la presentación de la demanda de retracto, o en su caso la de dar fianza**, no se hace extensiva en forma alguna a las otras sumas adicionales que por mandato expreso del artículo 1407 de nuestro Código Civil viene obligado el retrayente a "rembolsar al comprador", y que son: "los gastos del contrato, y cualquier pago legítimo hecho para la venta" y "los gastos necesarios y útiles hechos en la cosa vendida".[24] (Énfasis nuestro).

En similares términos de simultaneidad se ha expresado el Tribunal Supremo en cuanto al retracto convencional en *Gallardo v. Petition y V.T.N., Inc.*[25], cuando afirmó que "[n]o hay entonces la menor duda de que a base de la letra del Art. 1407 del Código Civil, *supra*, y lo dicho por este Tribunal anteriormente, es indispensable que al presentarse una demanda de retracto se consigne a la vez el precio de venta".[26] Claro, lo anterior obedece a que se presente la demanda el último día del término de caducidad.

En definitiva, tanto la ley como la jurisprudencia y los tratadistas concluyen que el texto de los artículos del Código Civil es claro al requerir que dentro del plazo que se dispone para presentar el retracto legal, se consigne el precio de la venta si es conocido y si no lo fuere, que se dé fianza de consignarlo luego que lo sea.

Por último, y como principio de hermenéutica legal, "[c]uando la ley es clara y libre de toda ambigüedad, su texto no debe menospreciarse bajo el pretexto de cumplir su espíritu".[27]

III.

En el presente caso, expedimos el auto de *certiorari* a tenor con la autoridad que nos concede la Regla 52.1 de Procedimiento Civil *supra,* para atender una denegatoria de una moción de carácter dispositivo y los criterios (A) (E) y (G) de la Regla 40 de nuestro Reglamento, *supra.*

---

[24] *Íd.,* pág. 10.
[25] 132 DPR 39 (1992).
[26] *Íd.,* pág. 50.
[27] Artículo 19 del Código Civil de 2020, 31 LPRA sec. 5341.

Conforme a la norma jurídica esbozada, concluimos que el TPI erró al no desestimar la demanda sobre retracto legal instada por el Sr. Valle. Nos explicamos.

El Sr. Valle presentó su demanda el 3 de enero de 2023. Tomando como cierto que éste advino en conocimiento de la aludida compraventa de participaciones el 15 de diciembre de 2022, a la fecha de la presentación de la demanda, ciertamente aún no había transcurrido el plazo de treinta (30) días que dispone el Artículo 1058 del Código Civil de 2020, *supra*. No obstante, el Sr. Valle, no consignó el precio de venta o, en su defecto, el pago de la fianza correspondiente, simultáneamente con la presentación de su demanda.

Cual citado, la ley y la jurisprudencia requieren el cumplimiento estricto de consignar de manera simultánea el precio de venta que originó la acción de retracto dentro del plazo de treinta (30) días, contados a partir de la inscripción en el registro la propiedad, y en su defecto, desde que el retrayente haya tenido conocimiento de la venta.

En el presente caso, el Sr. Valle no consignó el precio de compraventa según lo dispone la ley, ni la fianza, hasta pasados veinte (20) días de la presentación de la demanda y cincuenta (50) días luego de la fecha en que adujo haber tenido conocimiento de la venta de las participaciones. El incumplimiento con los requisitos dispuestos por el estatuto privó al Sr. Valle de invocar su derecho al retracto legal. Ante ello, el TPI carecía de jurisdicción para atender el caso en sus méritos.

IV.

Por los fundamentos que anteceden, se expide el auto de *certiorari* y revocamos la *Resolución* recurrida. En consecuencia, se desestima la demanda sobre retracto legal presentada ante el

Tribunal de Primera Instancia por el señor Pablo Valle García, por falta de jurisdicción de dicho foro para entender en la causa.

Dejamos sin efecto la paralización de los procedimientos decretada por este Tribunal mediante resolución emitida el 8 de septiembre de 2023.

**Notifíquese.**

Lo acuerda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones